**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SAMMY L. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cv-02964-JTF-dkv |
| | ) | |
| QUICKFUEL FLEET SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's QuickFuel Fleet Services Motion for Summary Judgment (D.E. #91), filed on March 28, 2013, pursuant to Fed. R. Civ. P. 56(a). On March 27, 2013, this Motion was referred to the Magistrate for Report and Recommendation, pursuant to 28 U.S.C. §§ 631-39. (D.E. #90). On May 13, 2013, Plaintiff Sammy L. Woods filed his Response to Defendant's Motion for Summary Judgment. (D.E. #98). Defendant filed a Reply in Support of its Motion for Summary Judgment on May 31, 2013. On June 21, 2013, the Magistrate entered her Report and Recommendation, recommending that Defendants' Motion for Summary Judgment should be granted and Plaintiff's Complaint should be dismissed in its entirety. (D.E. #100). Plaintiff filed Objections to the Magistrate's Report and Recommendation on July 8, 2013, (D.E. #101), to which Defendant responded on July 22, 2013. (D.E. #102). After reviewing the Magistrate's Report and Recommendation, Plaintiff's Objections, Defendant's response and the entire record, this Court finds that the Objections should be overruled and the

1

Magistrate' Recommendations adopted.  Thus, Defendant's Motion for Summary Judgment is GRANTED, and the Complaint is DISMISSED with prejudice.

## I.   LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations.  28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]").  The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination.  *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667,676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## II.   ANALYSIS

The Magistrate Judge properly found that Defendant's Motion for Summary Judgment should be granted.  The Magistrate correctly found that Plaintiff had not been discriminated

against and that Defendant had provided a legitimate, non-discriminatory, and non-proffered business reason for Plaintiff's termination.

Plaintiff filed his Objections to the Magistrate's Report and Recommendation on July 8, 2013.  (D.E. #101).  Plaintiff bases his objections on Tennessee Rules of Civil Procedure 56.03 and 56.04 and Tennessee case law.  Plaintiff argues that under these authorities, Defendant never filed its statement of undisputed facts, and, thus, he was never afforded an opportunity to properly respond to Defendant's Motion for Summary Judgment.  On July 22, 2013, Defendant filed its Response to Plaintiff's Objections, arguing that Plaintiff's  objections are improperly grounded in law and fact.  (D.E. #102).  Defendant is correct.

First, Plaintiff mistakenly bases his arguments on Tennessee Rules of Civil Procedure rather than the Federal Rules of Civil Procedure.  As stated in Fed. R. Civ. P. 1, "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts."  Conversely, the Tenn. R. Civ. P. governs all procedures in civil actions in Tennessee state courts.  Hence, Plaintiff's objections against the Magistrate's Report and Recommendation can only be based upon the Fed. R. Civ. P.  With no proper objections against the Magistrate's findings under Fed. R. Civ. P., the Court overrules Plaintiff's above-mentioned objections.

Second, Plaintiff incorrectly argues that Defendant did not file its statement of undisputed facts.  Local Rule 56.1(a) states, in part, that,

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.

On March 28, 2013, when Defendant filed its Motion for Summary Judgment (D.E. #91), it also file a Statement of Undisputed Facts (D.E. #91-1), a Memorandum in Support of its Motion (D.E. #91-2), and an Affidavit from the vice president of Defendant's company (D.E. #91-3). It is evident that Defendant properly adhered to the Local Rules. Therefore, the Court overrules Plaintiff's above-mentioned objections.

Last, Plaintiff states that he did not fully understand the local rules and requests that the Court not "treat him as a schooled attorney." It is unfortunate that Plaintiff did not properly understand the Local Rules and the Fed. R. Civ. P. However, his lack of understanding is not an appropriate objection, and it does not give rise, under the clearly erroneous standard of review, for this Court to reject the Magistrate's Report and Recommendation. *See U.S. v. Baker, 197 F.3d 211, 218* (6th Cir. 1999)("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.' . . . To allow an ignorance of the law excuse would encourage and reward indifference to the law."); *and also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("[E]ven a pro se litigant, whether plaintiff or a defendant, is required to follow the law.") Therefore, Plaintiff's above-mentioned objections are overruled.

### III.    CONCLUSION

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation to grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety. Therefore, Defendant's Motion is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED this 31st day of July, 2013.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge